# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1515V
Filed: September 16, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IAN BROOKS, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 15, 2015, Ian Brooks ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered left-sided frozen shoulder which caused severe pain and limited range of motion as a result of an influenza ("flu") vaccine he received on December 9, 2013. On June 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 23).

On September 15, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 28). Petitioner requests attorneys' fees in the amount of $12,782.30, and attorneys' costs in the amount of $655.42, for a total amount of $13,437.72. *Id.* at 1. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).


accordance with General Order #9, petitioner's counsel states that petitioner has not incurred any fees or costs related to the litigation of this case.

On September 15, 2016, respondent filed a response to the motion for attorneys' fees and costs stating that respondent does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for the proceedings to date. Respondent states that her lack of objection should not be construed as an admission, concession or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,437.72[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Edward M. Kraus.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.